JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Priscilla Johnson

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga Abiona, 215-833-8227; 121 South Broad Street, Suite 1200, Philadelphia, PA 19107

## DEFENDANTS

School District of Philadelphia

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII of the Civil Rights Act.

Brief description of cause:
Retaliatory actions subsequent to protected activities

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE Juan R. Sanchez DOCKET NUMBER 23-cv-03430-JS

DATE: July 1, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or

Transaction:______Philadelphia________________________________

***RELATED CASE IF ANY:*** Case Number:___23-cv-03430-JS__________ Judge:______Juan R. Sanchez___________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☒
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☒ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. X Employment
☐ 9. Labor-Management Relations
☐ 10. X Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_______________

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_______________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ XXX Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

--------------------------------

| | | |
|---|---|---|
| | : | CIVIL ACTION No.: |
| PRISCILLA M. JOHNSON | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| Defendant | : | |

---

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiff, Priscilla M. Johnson, in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant, School District of Philadelphia (hereinafter "School District"), of rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Civil Rights Act 42 U.S.C. 2000e et seq, (Title VII), and the Pennsylvania Human Relations Act, ("PHRA"), which prohibit retaliation because an employee engages in protected activities under the respective statutes and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate retaliation by Defendant.

4. This action also arises under common law breach of contract by Defendant.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. This Court has supplemental jurisdiction over Plaintiff's claims arising from state law and common law.

6. Plaintiff has exhausted her administrative remedies before bringing her Title VII and PHRA claims to Court. On June 12, 2026, the EEOC issued Plaintiff her right to sue letter with regards to her EEOC Charge against the School District. See attached. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III. PARTIES

7. Plaintiff, Priscila Johnson, is a citizen of the United States and the Commonwealth of Pennsylvania, who currently resides in Philadelphia, Pennsylvania.

8. Defendant, School District of Philadelphia ("School District or SDP"), is an agency of the City of Philadelphia, with its offices located at 440 North Broad Street, Philadelphia, PA 19130.

## IV. BRIEF STATEMENT OF FACTS

9. Plaintiff is an African American woman and was hired by SDP, in or about 2002 as a Special Project Assistant in the Office of Specialized Services.

10. Plaintiff then became a Program Manager in or about July 2020, in Compensatory Education & Special Education.

11. On or about April 10, 2023, Plaintiff filed an internal complaint of racially motivated hostile work environment with the School District against her supervisors.

12. On June 26, 2023, Plaintiff dual filed her complaint of race motivated discriminatory action and retaliation against SDP with the EEOC.

13. On September 8, 2023, Plaintiff filed a civil action against SDP and her supervisors under civil action No. 23-cv-03430-JS, asserting that she was subjected to race motivated harassment and discrimination and retaliation in violation of Title VII, Section 1981 of the Civil Rights Act and the PHRC by Defendant. Hereinafter referred to as Underlying Action.

14. On September 8, 2023, SDP suspended Plaintiff without pay, with recommendation to the Board to terminate her employment with SDP.

15. On September 8, 2024, Plaintiff settled the Underlying Action with Defendant.

16. The terms of the settlement agreement with Defendant included that the SDP would take several actions which included that:

"The School District will convert **in its electronic systems the termination of Johnson to a resignation and remove from her personnel file all documents that refer to her termination and all negative documents, including but not limited to the PIP records and all documents associated with and referring to PIP, suspension**.

**Johnson will be eligible for employment with the School District**, but she will not be eligible for assignment to any position in the Office of Finance or any other office or department where Jay Smit and/or Marissa Litman are assigned".

17. However, Plaintiff applied for several positions that she met the qualification requirements after the September 2024 Settlement with the School District but was denied interviews and denied hire for all of these positions.

18. Between September 29, 2024, and October 16, 2024, Plaintiff applied to four vacant positions with SDP but by November 25, 2024, Plaintiff received no response from SDP on any of these applications.

19. On November 20, 2024, Plaintiff sent an email to SDP to find out about these applications but received no response to her email.

20. On November 25, 2024, Plaintiff sent a follow-up email to SDP requesting information about her applications.

21. Then on November 27, 2024, Plaintiff received an email from SDP's Office of Talent, stating in part, "We have reviewed your **previous employment history at the School District of Philadelphia** including attendance, past records of evaluation and service, and separation circumstances. After review of your previous employment history, **we have determined that you are ineligible for employment at the School District of Philadelphia**. **Your application has been rejected and you cannot be considered for this, or any other position at the District moving forward**…." See Exhibit P-1 attached hereto.

22. This was a direct breach of the terms of Plaintiff's September 8, 2024, settlement agreement with SDP in the underlying action. This was also a retaliatory action by SDP because of her protected activities under Title VII and the PHRA.

23. Below are some of the positions Plaintiff applied for that she was denied interviews and failure to hire by SDP:

1. **Senior Project Manager (High Impact Tutoring) Office of Curriculum & Instruction:** Plaintiff applied on **April 1, 2025**. The qualification requirement for this position is completion of a bachelor's degree program and six years of full-time, paid, professional experience in either operations, finance, education or information technology which has included serving as a team lead or project manager.

Plaintiff has a doctorate degree and more than six years of paid professional experience in operations, finance and in education where Plaintiff served as a team leader and as a project manager. More specifically, Plaintiff has developed and implemented processes within various scopes of work within compensatory education and finance/operations, prepared reports for upper management, supervised staff, built effective relationships and collaboration with internal and external stakeholders, problem solved, analyzed data, created and adhered to project timelines and implementation, managed and monitored budget, and has supported the Office of Special Education for over 20 years with cross functional projects to support students, parents, offices and schools. Plaintiff met the qualification requirements for this position but was denied an interview and not hired for the position.

2. **Senior Talent Partner (Job # 50018563) Chief Executive Office:** Plaintiff applied on **January 27, 2025.** The qualification requirements for this position are completion of a bachelor's degree program in human resources, education, business administration, organizational leadership, or closely related field, and at least four years of full-time, paid, professional administrative experience in a large school district, governmental agency, or corporation which has included advising and assisting administrators on talent/human resources matters and resolving talent/human resources concerns, and at least two years of experience managing people as a direct supervisor with direct accountability for the performance of multiple employees.

   Plaintiff has a bachelor's degree in education, a master's degree in organizational management, and a doctorate degree, with three years of paid professional experience in managing staff as direct supervisor which included direct accountability for work performance. Plaintiff has more than four years of experience within the School District of Philadelphia in assisting administrators along with union representatives regarding human resources matters such as payroll, organizing interviews, discrepancies regarding employee seniority, and assisting with writing job description. Plaintiff met the qualification requirements for this position but was denied an interview and employment for this position.

3. **Compliance Office, Special Education (Job # 50024082) Office of Special Education & Diverse Learners**: Applied on **January 27, 2025**
   The qualification requirements for this position are a master's degree from an accredited college or university, four years of full-time professional administrative experience in a large organization that involved working with issues related to educational mandates and equity and involved collecting and analyzing date and addressing compliance issues.

Plaintiff has more than four years of paid professional experience that involved working with issues related to educational mandates, and equity that involved collecting and analyzing data as well as addressing compliance issues. Plaintiff's experience included but not limited to assisting with early intervention, file auditing for special education, determining compliance status for evaluations, IEP, PTRE using Easy IEP database, compensatory education, IU (intermediate plan), state complaints from parents, and any other state and federal mandates as assigned. Other experience included remaining abreast of legal and auditing matters as well as mandate changes, interpreting and explaining policies, procedures, regulations, legislative mandates to staff and parents, and lastly providing training and updates to staff. Plaintiff was denied an interview and employment for this position.

4. **Senior Project Manager (Office of Strategy) Job # 50023817**: Applied on **January 7, 2025**

   The minimum qualification requirements for the position were completion of a bachelor's degree with six years of full-time paid, professional experience in either administration, operations, finance, education of information technology which included serving as a team lead or project manager.

   Plaintiff has more than a bachelor's degree and have more than six years of paid professional experience in operations, finance and in education where Plaintiff served as a team leader and as a project manager. More specifically, Plaintiff has developed and implemented processes within various scopes of work within compensatory education and finance/operations, prepared reports for upper management, supervised staff, built effective relationships and collaboration with internal and external stakeholders, problem solved, analyzed data, created and adhered to project timelines and implementation, managed and monitored budget, handled sensitive projects and confidential matters and have supported the Office of Special Education for over 20 years with cross functional projects to support students, parents, offices and schools. Plaintiff was denied an interview and employment for this position.

5. **Senior Project Manager (Office of Professional Learning) Job # 50021735**: Applied on **January 4, 2025**

   The minimum qualification requirements for the position were completion of a bachelor's degree with six years of full-time paid, professional experience in project management, program implementation, operations or research, which included working in education or a related field.

   Plaintiff has more than six years of paid professional experience in project management, program implementation, and operations which included working in education with a master's degree. More specifically, Plaintiff has developed and implemented processes within various scopes of work within compensatory education and finance/operations, prepared reports for upper management, supervised staff, built effective relationships and collaboration with internal and external stakeholders, problem solved, analyzed data, created and adhered to project timelines and

implementation, managed and monitored budget, trained staff, handled sensitive projects and confidential matters, and have supported the Office of Special Education for over 20 years with cross functional projects to support students, parents, offices and schools. Plaintiff was denied an interview and employment for this position.

6. **Coordinator, Specialized Services (Assistive Technology Specialty) (Job # 50023073)** Office of Specialized Services: Applied on **October 16, 2024 & again on January 7, 2025**
   The qualification requirements for the position were Master's degree and five years of full-time, paid, professional experience in the field of special education which involved developing and or implementing support systems and services to school-age children in a large urban setting and has included coordinating efforts with varied resources as well as designing and implementing training activities.

   Plaintiff has master's and doctorate degrees with more than five years of experience in the field of special education that has involved developing and implementing support systems to students in grades K-12 to school staff by doing walk-through and classroom evaluations to determine best needs. These walk-through and evaluations were followed up with collaboration to the admin team for support of implementation. Also, Plaintiff had supported the directors/team of special education and other administrators with coordinating efforts to implement resources and training to staff by surveying, analyzing and evaluating the needs, and then purchasing equipment, materials and organizing staff training. Plaintiff has over twenty years approved assistive technology, equipment and resources for students with compensatory education by evaluating the effectiveness of each based on student's disability, IEP, legal language in the settlement agreement, and any other supporting documentation as well as what is financially deemed appropriate expenditures within the guidelines of the School District of Philadelphia in order to make a solid decision. Plaintiff has also been trained by representatives of companies on various assistive technology to better serve students and their families. Plaintiff was denied an interview and employment for this position.

7. **Director, Out of School Time (Job # 5002318)** Office of The Chief of Schools: Applied on **September 29, 2024**
   The qualification requirements for this position were Master's degree with five years of full-time, paid professional education experience which included working with community or corporate partners, at least three of which was in a supervisory or administrative capacity.

   Plaintiff has a master's degree, doctorate degree and five years of paid professional experience working in an educational setting of which three years in a supervisory role, assisted in managing the IU(Intermediate Unit) federal grant for special education, working with the community in regard to compensatory education, children, families, organizations and vendors. Other experience includes working for

the Homeless Children's Initiative that was once ran by the Office of Special Education. This work included supporting homeless children and their families, working with shelters and community outreach programs, training staff, coat drive, transportation, and shelter. Plaintiff was denied an interview and employment for this position.

8. **Senior Project Manager (Job # 50023045)** Office of Talent Administration: Applied on **September 29, 2024**
The qualification requirements for this position were a bachelor's degree with six years of full-time paid professional experience in human resources, operations, finance, education, information technology or related field which included serving as a team lead or project manager.

Plaintiff has a master's degree with more than six years of paid professional experience in finance, education and operations which includes serving as team lead, and project manager and or a combination of training as well as experience. More specifically, Plaintiff has developed and implemented processes within various scopes of work within compensatory education and finance/operations, prepared reports for upper management, supervised staff, built effective relationships and collaboration with internal and external stakeholders, problem solved, analyzed data, created and adhered to project timelines and implementation, managed and monitored budget, trained staff, handled sensitive projects and confidential matters, and have supported the Office of Special Education for over 20 years with cross functional projects to support students, parents, offices and schools. Plaintiff was denied an interview and employment for this position.

9. **Senior Project Manager (Job # 50023194)** Office of Student Life: Applied on **September 29, 2024**
The qualification requirements for this position were a bachelor's degree with six years of full-time paid professional experience in human resources, operations, finance, education, information technology or related field which included serving as a team lead or project manager.

Plaintiff has a master's degree with more than six years of paid professional experience in finance, education and operations which included serving as team lead and project manager and or a combination of training as well as experience. More specifically, Plaintiff has developed and implemented processes within various scopes of work within compensatory education and finance/operations, prepared reports for upper management, supervised staff, built effective relationships and collaboration with internal and external stakeholders, problem solved, analyzed data, created and adhered to project timelines and implementation, managed and monitored budget, trained staff, handled sensitive projects and confidential matters, and have supported the Office of Special Education for over 20 years with cross functional projects to support students, parents, offices and schools. Plaintiff was denied an interview and employment for this position.

24. Plaintiff asserts that she has been subjected to retaliatory denial of interviews and failure to hire by Defendant in violation of the Civil Rights Act, Title VII and the Pennsylvania Human Relations Act.

## V. STATEMENT OF CLAIM

### COUNT ONE – TITLE VII VIOLATIONS-RETALIATION

25. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 24 as if same were fully set forth at length herein.

26. The acts and conducts of the Defendant School District, through its agents, officers, and employees as stated above where Plaintiff was denied interviews and employment for various positions because she engaged in protected activities under the statute are violations of Title VII.

27. As a direct result of said retaliatory practices of the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT TWO – PHRA VIOLATION – RETALIATION

28. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 27 as if same were fully set forth at length herein.

29. The acts and conducts of Defendant School District through its agents, officers, employees, and officials as stated above where Plaintiff was denied interviews for positions she was qualified for and denied employment for those positions because she engaged in protected activities are violations of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. §951 et seq.

30. As a result of the said retaliatory practices of the Defendant in violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT THREE – BREACH OF CONTRACT**

31. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 30 as if same were fully set forth at length herein.

32. On September 8, 2024, Plaintiff and Defendant entered into a binding agreement which required in part for Defendant to convert **in its electronic systems the termination of Plaintiff to a resignation and remove from her personnel file all documents that refer to her termination and all negative documents, including but not limited to the PIP records and all documents associated with and referring to PIP, suspension**.

33. The terms of this agreement also provided that Plaintiff **would be eligible for employment with the School District**, but she will not be eligible for assignment to any position in the Office of Finance or any other office or department where Jay Smit and/or Marissa Litman are assigned

34. Plaintiff complied with all applicable provisions of the Agreement.

35. Yet, on November 27, 2024, Defendant denied Plaintiff interviews for positions Plaintiff was qualified for stating that Plaintiff's employment history with Defendant made her ineligible for employment with Defendant.

36. This was a direct breach of the September 8, 2024, agreement between Defendant and Plaintiff.

37. Defendant repeatedly breached an express provision of this contract.

38. As a direct and proximate result of Defendant's breaches of the terms of this agreement, Plaintiff has suffered actual and substantial damages for which SDP is liable.

39. As a direct and proximate result of Defendant's breaches of the Agreement, Plaintiff was deprived of the benefits of her bargain-for Agreement.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendant, and request that this Honorable Court:

A. Enter judgment against Defendant and award Plaintiff back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages for all past and future emotional upset, mental anguish, humiliation, loss of life pleasures, loss of self-esteem and all pain and suffering arising from the retaliatory conducts of Defendant, attorneys' fees and expert witness fees as permitted by law.

B. Award such other equitable relief, as the Court may deem necessary and just, including but not limited to an Order to make Plaintiff whole.

C. Declaring that the acts and practices complained of herein violate the PHRA protections against retaliation for engaging in protected activities based on race .

D. Declaring that the acts and practices complained of herein violate the Title VII protections against retaliation for engaging in protected activities based on race.

E. Enjoining and restraining the acts and practices complained of herein.

**DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's cause of action and/or prayer for relief, to any defenses to same, and pertaining to any party, including but not limited to, electronic data storage, closed circuit footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claims or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

ABIONA LAW PLLC

_______________________________

Olugbenga O. Abiona, Esquire
Attorney ID # 57026
121 South Broad Street, Suite 1200
Philadelphia, PA 19107
(215) 833-8227
Attorney for Plaintiff

Dated: June 29, 2026



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/12/2026

**To:** Dr. Priscilla M. Johnson PhD
1967 71st Avenue
Philadelphia, PA 19138

Charge No: 530-2025-05852

EEOC Representative and email: Legal Unit Representative
267-589-9707

---

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-05852.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
06/12/2026

Karen McDonough
Deputy District Director

**Cc:**
Alexis Holmes
The School District of Philadelphia
Office of General Counsel 440 NORTH BROAD STREET, Suite 313
Philadelphia, PA 19130

Incident Location
SCHOOL DISTRICT OF PHILADELPHIA
440 NORTH BROAD STREET Suite 210
Philadelphia, PA 19130

NA NA
440 NORTH BROAD STREET Suite 210
Phila, PA 19130

Michael J Sheehan
The School District of Philadelphia
440 N. Broad Street 3rd Fl
Philadelphia, PA 19130

Olugbenga O Abiona Esq.
ABIONA LAW PLLC
121 South Broad Street Suite 1200
Philadelphia, PA 19107

Please retain this Notice for your records.

**EXHIBIT P-1**

Fw: Your employment eligibility with the School District of Philadelphia



*Dr. Priscilla M. Johnson* 🌻

----- Forwarded Message -----
**From:** Recruiting at SDP <donotreply@philasd.org>
**To:** "pmjohnson08@yahoo.com" <pmjohnson08@yahoo.com>
**Sent:** Wednesday, November 27, 2024 at 08:11:00 AM EST
**Subject:** Your employment eligibility with the School District of Philadelphia

Priscilla M. Johnson
1967 71st Ave

Philadelphia
pmjohnson08@yahoo.com

Dear Priscilla,

Thank you for your application to the  position at the School District of Philadelphia. We have reviewed your previous employment history at the School District of Philadelphia including attendance, past records of evaluation and service, and separation circumstances. After a review of your previous employment history, we have determined that you are ineligible for employment at the School District of Philadelphia.

Your application has been rejected and you cannot be considered for this, or any other position at the District moving forward.

If you have any questions regarding this matter, please email restorations@philasd.org. We wish you the best in your future endeavors.

Best,

Office of Talent
The School District of Philadelphia
440 North Broad Street
Philadelphia, PA 19130


this message in html.html
3.5kB